**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JUDD AND DONNA HAMBRICK,**                               **PLAINTIFFS,**

**VS.**                                                                             **CIVIL ACTION NO. 1:07CV258-P-D**

**BEAR STEARNS RESIDENTIAL MORTGAGE
a/k/a ENCORE CREDIT CORP. a/k/a PERFORMANCE
CREDIT CORP and WELLS FARGO BANK, N.A. d/b/a
AMERICA'S SERVICING COMPANY,**                   **DEFENDANTS.**

**MEMORANDUM OPINION**

These matters come before the court upon Bear Stearns Residential Mortgage and Encore Credit Corp.'s motions to dismiss, or in the alternative, motions for summary judgment [42,47 respectively]. After due consideration of the motions and the responses filed thereto, the court is prepared to rule.

**I. FACTUAL BACKGROUND**

Judd and Donna Hambrick obtained a mortgage loan from Encore Credit Corp. on or about January 13, 2006. On November 5, 2007 the Hambricks filed the instant action. On August 20, 2008 they filed their Second Amended Complain wherein they allege the following causes of actions against Bear Stearns and Encore: (1) "predatory lending"; (2) violation of Regulation Z of the Truth in Lending Act; and (3) intentional or negligent infliction of emotional distress.

Defendants Bear Stearns and Encore filed the instant motions wherein they seek dismissal of the plaintiffs' claims against them for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, these defendants seek summary judgment.

## II. DISCUSSION

### A. Motion to Dismiss Standards

Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant may file a motion to dismiss a plaintiff's claim or claims for failure to state a claim upon which relief can be granted. The traditional test for ruling upon a 12(b)(6), as announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is "in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007) "retired" that test, stating instead that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, [and] "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action", on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. at 1964-65. (some citations omitted for clarity).

Thus, the court must determine whether the defendants has established that the plaintiff's factual allegations in her Complaint, taken as true, are enough to raise a right to relief above the speculation level.

With regard to converting a Rule 12(b)(6) motion into one for summary judgment, Fed. R. Civ. P. 12(b) provides in pertinent part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to an not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, if the court considers matters outside the pleadings in ruling upon a Rule 12(b)(6) motion to dismiss, the court must convert the motion to one for summary judgment. *Tuley v. Heyd*, 482 F.3d 590, 592 (5th Cir. 1973). However, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

Since it will not be consulting matters outside of the pleadings, the court will treat the instant motions as Rule 12(b)(6) motions to dismiss.

**B. Analysis**

At issue in this discussion is only the plaintiff's claims asserted against Bear Stearns and Encore – *i.e.*, "predatory lending," violation of Regulation Z of the TILA, and intentional or negligent infliction of emotional distress.

**1. "Predatory Lending" Claim**

The defendants are correct that the plaintiffs have not cited any Mississippi or applicable federal law, precedential or statutory, creating a cause of action for "predatory lending." The court is unaware of any such cause of action. In response to the defendants' motions, the plaintiffs cite the Mississippi Mortgage Consumer Protection Law, Miss. Code Ann. § 81-18-27, for the proposition that there is such a cause of action even if not under the precise rubric of "predatory lending" and

3

even though the Second Amended Complaint does not cite any specific authority for the cause of action.

Encore argues that § 81-18-7 (the licensing statute) and § 81-18-27 were repealed. However, according to § 81-18-51, "Sections 81-18-1 through 81-18-49 [of the Mississippi Mortgage Consumer Protection Law] shall stand repealed on July 1, 2012." Accordingly, the repeal of the statute in question is not yet effective.

Nevertheless, the defendants are correct that the Mississippi Legislature did not provide a private remedy for violation of the MMCPL. Section 81-18-39, regarding cease and desist orders, injunctive relief, and civil penalties, specify only that the Mississippi Department of Banking and Consumer Finance can enforce § 81-18-27. Similarly, in § 81-18-43, the Department is given sole authority to enforce the MMCPL through criminal penalties.

Thus, since there is no private remedy for a violation of the MMCPL, the defendants have met their burden in demonstrating that the factual allegations in the plaintiffs' Complaint, even taken as true, are insufficient to raise a right to relief for "predatory lending" above the speculation level. Accordingly, this claim should be dismissed with prejudice.

**2. The TILA and Regulation Z Claim**

Count 2 of the Second Amended Complaint asserts that Bear Stearns and Encore are liable for violating various sections of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. and Regulation Z, 12 C.F.R. Pt. 226 *et seq*.

The defendants argue that any claims based on the TILA and Regulation Z are time barred since the applicable statute of limitations period pursuant to 15 U.S.C. 1640(e) is one year and the plaintiffs obtained their home loan on January 13, 2006 – approximately one year and ten months

4

before they filed their original Complaint on November 5, 2007. The plaintiffs counter that pursuant to 15 U.S.C. § 1635(f), the statute of limitations period for a Regulation Z claim is three years. The defendants argue that the three year statute of limitation found in § 1635(f) only applies to rescission and the plaintiff have not requested the remedy of rescission. Rather, Count 2 of the Second Amended Complaint confines itself to monetary relief, stating: "By reason of the aforesaid violations of the Act and Regulation Z, defendant is liable to plaintiff in the amount of twice the finance charge, actual damages to be established at trial, and attorneys fees and costs in accordance with 15 U.S.C. § 1640." Second Amended Complaint at ¶ 23.

Section 1640(e) provides in pertinent part: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." The defendants are correct that § 1635(f)'s three-year statute of limitations period applies to rescission. The court thus concludes that because the Second Amended Complaint does not seek the remedy of rescission, the one-year statute of limitations period applies to the plaintiff's TILA and Regulation Z claims. Because the plain language of Count 2 confines itself to monetary relief, as previously cited, and because Count 2 also confines itself to "[t]he disclosure statement issued in conjunction with this consumer credit transaction," Second Amended Complaint at ¶ 23, which occurred on January 13, 2006, the court concludes that the plaintiff's TILA and Regulation Z claims are time barred by 15 U.S.C. § 1640(e).

Accordingly, the Count 2 should be dismissed with prejudice.

### 3. Intentional or Negligent Infliction of Emotional Distress

Count 6 of the Second Amended Complaint alleges that Bear Stearns and Encore are liable for intentional or negligent infliction of emotional distress by repeatedly failing to accept mortgage payments and increasing the amounts due, preventing the plaintiffs from making informed decisions by constantly threatening to foreclose unless the plaintiffs paid additional money immediately, and failing to disclose material information within the defendants' sole control – all of which contributed to emotional and mental anguish.

The defendants argue that the intentional infliction of emotional distress claim is barred by the one-year statue of limitation period for intentional torts pursuant to Miss. Code. Ann. § 15-1-35. The plaintiffs did not respond to the defendants' statute of limitations argument. The defendants are correct that the plaintiffs' factual allegations against Encore and/or Bear Stearns are limited to the origination of the subject home loan on January 13, 2006. *See* Second Amended Complaint at ¶ 11. Consequently, the plaintiffs' intentional infliction of emotional distress claim against Bear Stearns and Encore are time barred pursuant to § 15-1-35.

The statute of limitations period for a negligent infliction of emotional distress, however, is three years, rather than one – given that such a cause of action does not allege intentional conduct covered by § 15-1-35. *See Randolph v. Lambert*, 926 So.2d 941, 946 (Miss. Ct. App. 2006). Even though the Second Amended Complaint confines its allegations against Bear Stearns and Encore to the January 13, 2006 origination of the subject loan, a claim for negligent infliction of emotional distress arising therefrom would not be barred by a three-year statute of limitations. Therefore, the court must determine whether the plaintiff has stated a claim for negligent infliction of emotional distress that is beyond speculative.

Unlike the tort of intentional infliction of emotional distress, "[a] plaintiff may not recover for a claim of negligent infliction of emotional distress without showing that he or she suffered a physical injury." *Waters v. Allegue,* 980 So.2d 314, 318 (Miss. Ct. App. 2008) (citing *Wilson v. GMAC*, 883 So.2d 56, 65 (Miss. 2004); *see also Community Bank, Ellisville, Mississippi v. Courtney*, 884 So.2d 767, 775 (Miss. 2004); *Ill. Centr. R.R. v. Hawkins*, 830 So.2d 1162, 1174 (Miss. 2002) (where an alleged tort is "one of ordinary garden variety negligence [as opposed to intentional in nature], the plaintiffs ... have to prove some sort of injury, whether it be physical or mental. If the conduct was not malicious, intentional or outrageous, there must be some sort of demonstrative harm.").

In other words, since the plaintiffs' intentional infliction of emotional distress claim is time barred, the onus is upon the plaintiff to allege a demonstrative physical harm rather than relying solely upon allegations of outrageous conduct. The plaintiffs do not allege a demonstrative physical harm. Rather, the Second Amended Complaint alleges only "emotional distress and mental anguish." Neither do the plaintiffs allege a demonstrative physical harm in their briefs. In response to the defendants' arguments regarding their negligent infliction of emotional distress claim, the plaintiffs concentrate on the outrageous nature of "giving a mortgage that will result in foreclosure" being a factual issue.

Thus, the court concludes that the plaintiffs negligent infliction of emotional distress claim does not arise above the speculation level given there is no allegation of demonstrable physical harm. Accordingly, this claim should be dismissed with prejudice.

7

## III. CONCLUSION

For the reasons discussed above, Bear Stearns Residential Mortgage and Encore Credit Corp.'s motions to dismiss [42,47 respectively] should be granted and the plaintiffs' claims against them should be dismissed with prejudice. Accordingly, a Partial Final Judgment shall issue forthwith,

**THIS DAY** of December 5, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE