IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JUDD AND DONNA HAMBRICK,**                                                **PLAINTIFFS,**

**VS.**                                                       **CIVIL ACTION NO. 1:07CV258-P-D**

**WELLS FARGO BANK, N.A. d/b/a**
**AMERICA'S SERVICING COMPANY,**                             **DEFENDANT.**

**ORDER**

This matter comes before the court upon Defendant Wells Fargo Bank's Motion to Dismiss or, Alternatively, for Summary Judgment [68]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

The plaintiffs filed the instant action on November 5, 2007. They filed their Second Amended Complaint on August 20, 2008 wherein they asserted eight causes of action against Bear Stearns Residential Mortgage and Wells Fargo Bank, N.A. On December 5, 2008, the court entered a Partial Final Judgment dismissing the plaintiffs' claims against Bear Stearns, thereby leaving the plaintiffs' claims against Wells Fargo.

Wells Fargo filed the instant motion to dismiss or for summary judgment on March 6, 2009 in which they argue that the third, seventh, and eighth causes of action levied against them should be dismissed. In response, the plaintiffs concede that the first, second, third, and seventh causes of action should be dismissed.

However, the plaintiffs argue that ruling upon the eighth cause of action, breach of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, would be premature because discovery has not yet been complete which would verify whether or not the debt in question was in default at the

time it was assigned to Wells Fargo. The plaintiffs maintain that this question is material because the Fifth Circuit in *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ruled that with regard to the FDCPA, "a debt collector does not include the consumer's creditors, a mortgage service company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."

Citing *Motley v. Homecomings Financial, LLC*, 557 F.Supp.2d 1005, 1009 (D.Minn. 2008), Wells Fargo contends in its reply that under the new Rule 12(b)(6) standard announced *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the plaintiff's FDCPA claim cannot meet the beyond-speculation standard based on the hope that discovery might establish that the debt in question was in default when transferred to Wells Fargo. Indeed, as the defendant points out, the plaintiff does not even allege that the debt was in default. Furthermore, it remains undisputed that Wells Fargo has established that it was not in default. Agreeing with the district court in *Motley*, the court concludes that the plaintiff cannot meet the *Twombly* standard regarding count eight. Accordingly, pursuant to Rule 12(b)(6), the court concludes that this claim should be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Wells Fargo's Rule 12(b)(6) motion is **GRANTED**; accordingly,

(2) The plaintiff's first, second, third, seventh, and eighth causes of action are hereby **DISMISSED WITH PREJUDICE**; thus,

(3) The plaintiff's claims for breach of contract, negligence, and intentional and/or negligent infliction of emotional distress against Wells Fargo remain.

**SO ORDERED** this the 2nd day of June, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE